IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS WILLIAMS, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 16-829-RGA |
| CLAIRE DEMATTEIS, Commissioner,[1] ALAN GRINSTEAD, Bureau Chief, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM OPINION

J. Brendan O'Neill, Office of Defense Services for the State of Delaware, Wilmington, Delaware. Attorney for Petitioner.

Kathryn J. Garrison, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 13, 2019
Wilmington, Delaware

---

[1] Commissioner Claire DeMatteis has replaced former Commissioner Robert M. Coupe, an original party to this case. *See* Fed. R. Civ. P. 11(d).

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Otis Williams. (D.I. 2) The State filed an Answer in opposition. (D.I. 8) For the reasons discussed, the Court will dismiss Petitioner's § 2254 Petition for lack of jurisdiction.

I. BACKGROUND

On January 7, 2014, Petitioner pled guilty to drug dealing. (D.I. 8 at 1) On that same day, the Superior Court sentenced Petitioner as an habitual offender to one year of Level V incarceration. (D.I. 8 at 1-2) Petitioner did not file a direct appeal.

On April 30, 2014, Delaware's Office of Defense Services ("OPD") filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on Petitioner's behalf, which the Superior Court dismissed on December 3, 2014. (D.I. 8 at 2) The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's Rule 61 motion on October 12, 2015. (D.I. 8 at 2)

On September 19, 2016, the OPD filed a § 2254 Petition on Petitioner's behalf, asserting that Petitioner's lack of knowledge of an evidence scandal at the Office of the Chief Medical Examiner ("OCME") was material to his decision to plead guilty and, therefore, his guilty plea was involuntary pursuant to *Brady v. United States*, 397 U.S. 742, 748 (1970). (D.I. 2) Petitioner also argues that the Delaware Supreme Court made unreasonable findings of fact during his post-conviction appeal regarding OCME misconduct. The State filed an Answer asserting that the Petition should be dismissed for lack of jurisdiction because Petitioner is no

1

longer in custody or, alternatively, because the Petition is time-barred and the claim is meritless. (D.I. 8)

### A. OCME CRIMINAL INVESTIGATION

The relevant information regarding the OCME evidence mishandling is set forth below:

> In February 2014, the Delaware State Police ("DSP") and the Department of Justice ("DOJ") began an investigation into criminal misconduct occurring in the Controlled Substances Unit of the OCME.
>
> The investigation revealed that some drug evidence sent to the OCME for testing had been stolen by OCME employees in some cases and was unaccounted for in other cases. Oversight of the lab had been lacking, and security procedures had not been followed. One employee was accused of "dry labbing" (or declaring a test result without actually conducting a test of the evidence) in several cases. Although the investigation remains ongoing, to date, three OCME employees have been suspended (two of those employees have been criminally indicted), and the Chief Medical Examiner has been fired.
>
> There is no evidence to suggest that OCME employees tampered with drug evidence by adding known controlled substances to the evidence they received for testing in order to achieve positive results and secure convictions. That is, there is no evidence that the OCME staff "planted" evidence to wrongly obtain convictions. Rather, the employees who stole the evidence did so because it in fact consisted of illegal narcotics that they could resell or take for personal use.

*Brown v. State*, 108 A.3d 1201, 1204-05 (Del. 2015).

### II. JURISDICTION

Pursuant to AEDPA, a federal court has jurisdiction to consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). The "in custody" requirement of § 2254 is met only if the petitioner is in custody

2

pursuant to the judgment or sentence he seeks to attack **at the time the petition is filed**. *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003)(emphasis added). A petitioner satisfies the "custody" requirement if he is on probation or parole when he files his petition. *See Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988).

In addition, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *See Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. Significantly, when a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001).

In this case, Petitioner challenges his conviction for drug dealing. However, since Petitioner completed his sentence for his drug dealing conviction on August 8, 2016 (D.I. 8 at 4; D.I. 8-1 at 1), Petitioner was not "in custody" pursuant to the sentence for his drug dealing conviction when he filed his habeas petition on September 19, 2016. Accordingly, the Court will deny the instant petition for lack of jurisdiction

### III. TIMELINESS

Even if Petitioner was in custody when he filed the instant Petition, the Court alternatively concludes that the Petition is time-barred. The Antiterrorism and Effective Death

3

Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2016, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware

4

Superior Court sentenced Petitioner on January 7, 2014, and he did not appeal that judgment. Therefore, Petitioner's conviction became final on February 7, 2014. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty day period for timely filing of notice of appeal). Applying the one-year limitations period to that date, Petitioner had until February 9, 2015[2] to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).

Petitioner did not file the instant § 2254 petition until September 19, 2016, approximately one year and seven months after the expiration of AEDPA's statute of limitations. Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-

---

[2]Since the actual due date fell on a weekend, the filing deadline extended through Monday, February 9, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

5

conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his Rule 61 motion on April 30, 2014, eighty-one days of AEDPA's limitations period had expired. The Rule 61 motion tolled the limitations period from April 30, 2014 through October 12, 2015, the date on which the Delaware Supreme Court affirmed the Superior Court's denial. The limitations clock started to run again on October 13, 2015, and ran the remaining 284 days without interruption until the limitations period expired on July 25, 2016.[3] Thus, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

Pursuant to the equitable tolling doctrine, the one-year limitations period may be tolled in very rare circumstances for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir.2005). In turn, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

---

[3]Since the actual due date fell on a weekend, the filing deadline extended through Monday, July 25, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C).

6

> (3) where the plaintiff timely asserted his rights mistakenly in the
> wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner does not address the limitations issue, and therefore, does not present an argument for equitable tolling. The Court also independently concludes that equitable tolling is not warranted. Petitioner raised the issue of the OCME drug evidence scandal in his Rule 61 motion that he filed in the Delaware Superior Court on April 30, 2014, and the Delaware Supreme Court affirmed the denial of the Rule 61 motion on October 12, 2015. These dates demonstrate that Petitioner could have filed a timely "protective" § 2254 petition[4] in this Court along with a motion to stay the proceeding while awaiting the Delaware state courts' post-conviction decisions or during the 284 days remaining in AEDPA's limitations period after the Delaware Supreme Court's decision in his post-conviction appeal. Consequently, Petitioner has not demonstrated that he (or counsel) was **prevented** from filing a basic habeas petition in this Court. Similarly, the significant 284 day delay in filing the Petition once the Delaware Supreme Court issued its post-conviction appellate decision also precludes a finding that Petitioner exercised the requisite "due diligence" to warrant equitably tolling the limitations period. *See, e.g., Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000)(once the extraordinary circumstance ends, petitioner must exercise reasonable diligence in filing his petition).

Finally, to the extent the delayed filing was due to a miscalculation or mistake on the part of the attorney(s) representing Petitioner, "attorney error, miscalculation, inadequate research, or

---

[4]In *Pace v. DiGuglielmo*, the Supreme Court explained that a "petitioner's reasonable confusion about whether a state filing would be timely" when attempting to exhaust state remedies may constitute good cause for him to file a "protective petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. 408, 416 (2005).

other mistakes" do not amount to extraordinary circumstances for equitable tolling purposes. *See Hendricks v. Johnson*, 62 F. Supp. 3d 406, 411 (D. Del. 2014). In short, Petitioner cannot demonstrate that the OCME scandal, and/or the timing of the State's disclosure about the OCME scandal, actually prevented him from timely filing a petition seeking federal habeas relief. For all of these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will alternatively deny the instant Petition as time-barred.[5]

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

---

[5]Having concluded that it must deny the Petition for lack of jurisdiction and/or for being time-barred, the Court will not address the State's other reason for denying the Petition.

The Court has concluded that it lacks jurisdiction over the instant Petition and also that the Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.